IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979, | C/A No. 8:16-481-JMC-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Bryan P. Stirling, Director, <br> Joseph McFadden, Warden, <br> Francene Bachman, D.H.O., <br> Patty Britt-Pooser, Counsel Substitute, <br> Mecah Hill, Administrative Specialist, | |
| Defendants. | |

Kenneth "Syncere" Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at McCormick Correctional Institution ("McCormick"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Liberally construed, Plaintiff alleges the following facts. He was previously incarcerated at Lieber Correctional Institution ("Lieber"). [Doc. 1.] On September 16, 2015, Plaintiff received a disciplinary report of threatening to inflict harm on an employee with Mecah Hill as the accuser because she felt threatened by Plaintiff's written statements. [*Id.*] On September 17, 2015, Plaintiff was assigned a counsel substitute—Patty Britt-Pooser, and Plaintiff requested that she "gather all evidence (RTSM) pertaining to the complaints of Ms. Hill intercepting his correspondence to the Institutional Grievance Coordinator

("IGC")." [*Id.*] Ms. Britt-Pooser did not gather "any evidence in support of Plaintiff's counterclaims." [*Id.*]

On October 1, 2015, Francene Bachman found Plaintiff guilty of the charge even though Mecah Hill admitted that Plaintiff "did not threaten her or any SCDC employee." [*Id.*] As a result of the guilty conviction, Plaintiff "lost privileges for 45 days, 20 days in disciplinary detention time, excessive 365 loss of privileges and a loss of 3 days of good time." [*Id.*] The loss of good time changed his "max out date." [*Id.*]

Joseph McFadden refused to overturn the disciplinary conviction. [*Id.*] On October 5, 2015, Defendants refused to process his grievances. [*Id.*] However, he also alleges that on October 5, 2015, his grievance was forwarded to the Inmate Grievance Branch, and on November 20, 2015, Defendants denied his grievance. [*Id.*]

Based on these alleged facts, Plaintiff contends the "Defendants false charged Mr. Rivera upon information and belief due to the exercising of his rights." [*Id.*] He further states that Defendants "violated Plaintiff rights by false charging him out of retaliation, failure of an adequate hearing, ineffective assistant (sic) of counsel, and disciplinary detention time. His First, Sixth, and Fourteenth Amendments was violated." [*Id.*]

Plaintiff seeks a declaration that his constitutional rights were violated and damages. [*Id.*] He attaches exhibits A–W to be included as part of the Complaint. [*Id.*] The exhibits include, among other things, copies of Requests to Staff Member, an incident report, Step 1 and Step 2 appeals, transcript of the October 1, 2015, disciplinary hearing, and letters indicating that Plaintiff filed an appeal with the South Carolina Administrative Law Court (and SCDC filed a motion to dismiss on January 25, 2016). [Doc. 1-1, 1-2.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well settled that a prisoner has some due process rights during a prison disciplinary proceeding but that the full panoply of rights due a defendant in a criminal prosecution does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Brown v. Braxton*, 373 F.3d 501, 504 (4th Cir. 2004); *Bryan v. SCDC*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5–6 (D.S.C. Sept. 29, 2009) (listing the due process rights required by *Wolff*), *aff'd* 367 F. App'x 404 (4th Cir. 2010). For example, inmates are entitled to advance written notice of the claimed violation and a written statement concerning the

evidence, but inmates are not entitled to confront witnesses against them nor guaranteed the right to retained or appointed counsel. *See Brown*, 373 F.3d at 504. Due process is satisfied if there is "some" evidence to show the inmate committed the offense. *See Bryan*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5–6 (explaining the "some evidence" standard is a lenient one). However, where the prisoner seeks to overturn the disciplinary conviction, he cannot do so by filing a civil rights action pursuant to § 1983. *See Edwards v. Balisok*, 520 U.S. 641 (1997)*; Heck v. Humphrey*, 512 U.S. 477 (1994).

Ordinarily, for a prisoner to bring a § 1983 claim based upon an alleged constitutional violation related to a disciplinary conviction, he must allege that the disciplinary conviction previously has been reversed or vacated.[1] The Supreme Court has held that a prisoner's claim for declaratory relief that necessarily implies the invalidity of the disciplinary conviction and punishment is not cognizable pursuant to § 1983 where the disciplinary conviction has not been invalidated. *See Id*. In this case, where Plaintiff alleges he was falsely charged and wrongfully convicted, he is attempting to imply the invalidity of his disciplinary conviction. Because Plaintiff has not alleged that it has previously been invalidated, he is barred from bringing this action by the holdings in *Heck* and *Edwards*.

This action also may be dismissed because Plaintiff has another pending civil action wherein he raises similar facts and legal claims. *See* Report and Recommendation, *Rivera v. Stirling*, C/A No. 8:16-206-JMC-JDA (D.S.C. Feb. 24, 2016), ECF No. 10. This other case was filed approximately one month prior to the instant action; it names three of the

---

[1]It appears Plaintiff alleges that he is in the process of appealing the disciplinary conviction to the South Carolina Administrative Law Court.

5

same Defendants; and, it complains about Plaintiff's October 1, 2015, disciplinary conviction of threatening to inflict harm on an employee. Although the two cases are not identical, similar issues are raised. And, it seems Plaintiff could have raised the issues in the instant case in the prior case referenced above, or sought to amend the prior case by adding any new claim. In other words, Plaintiff has filed separate cases over and over raising similar claims, which indicates his intent to waste judicial resources.[2] As the United States Court of Appeals for the Fifth Circuit has commented, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970).

This Court is hereby warning Plaintiff that his filing of very similar lawsuits over and over again pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, indicates malicious behavior. Courts and Congress have recognized that a litigant proceeding *in forma pauperis*, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762 (2015). This statute authorizes the District Court to dismiss a case if it is satisfied that the action is malicious. And, if Plaintiff keeps filing lawsuits raising similar facts and legal claims over and over again pursuant to the *in forma pauperis* statute, this Court will deem them to be maliciously filed in an attempt to waste judicial resources.

---

[2]*See* Report and Recommendation, *Rivera v. Stirling*, C/A No. 8:16-206-JMC-JDA (D.S.C. Feb. 24, 2016), ECF No. 10 at n.1 (noting that Plaintiff keeps filing lawsuits raising an alleged legal right that does not exist).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

March 15, 2016                                              S/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).